The main issue in this appeal is whether the misdemeanor conviction for Section 111A violation is a crime of violence under 18 U.S.C. Section 16A. However, before I get to that, I think that the point needs to be made that this is a crime of  violence under 18 U.S.C. Section 16A, and that this case needs to be reversed because the government failed to provide the conviction documents on that prior conviction to the district court. Based on this Court's decisions in Pimentel-Flores and the more recent decision in Castillo-Marin, the failure to provide the conviction documents, I would submit, requires reversal of the conviction. That's my view.    It's a crime of violence. Well, it's true if the this is a crime of violence makes this an aggravated felony. If it's found to be a crime of violence, it makes it an aggravated felony. And the failure to provide the conviction documents impaired the district court's ability to make a determination on whether it was a crime of violence or not and, thus, an aggravated felony. Why? If it's categorical, if it's categorically a crime of violence, all you have to have is some evidence that he was convicted of that crime. Oh, absolutely. Are you saying that we can't be able to do that? The misdemeanor by the district court. Are you going to interrupt me or shall I interrupt you? I'm sorry, Your Honor. Go ahead. All right. What is your basis of saying that we can only consider a modified categorical? Well, if it's a crime of violence, it's an aggravated felony. If it's a categorical crime of violence, the point is it's not a categorical crime of violence. That's the point we wish you to address. Oh, okay. I'll address that one. It's not a categorical crime of violence because the physical force required for a categorical crime of violence is violent physical force, that force that would cause injury or pain. And I would submit 18 U.S.C. section 111A can be committed in a situation where that violent physical force is not necessary, where de minimis physical force is all that's necessary. I thought your argument was a little different. I thought you were conceding that as of this date in time, 1111A is a categorical crime of violence. But your argument was at the time of his plea that the law was unsettled. And I thought your argument was that you couldn't tell at the time he pled whether it was that something has happened. Now, I have no idea how this affects being a categorical crime of violence, but I thought that was your argument, that today we know it's a categorical crime of violence, but back then we didn't. Today, after the Chapman case in 2008, this Court has required an assault, willful attempt to inflict injury upon someone for a misdemeanor. Back in 2003 when this conviction occurred, that was not the case. I submit to you that you look simply at the documents which the government has submitted. This person was charged, the defendant was charged, not with simply assault on a Federal officer, but with impeding and interfering a Federal officer. And basically what it was, was resisting arrest. You can do that without committing a crime of violence. You can impede or interfere with a Federal officer in the discharge of his or her duties without using the violent type of force necessary for a crime of violence. And you want us to make the rule you're looking for, which I didn't really find any authority for, I don't know what the answer is, is that you don't look at how the law is today, you look at how the law was back then, and you say it was ambiguous back then. That's correct. Correct. Okay. If you look at the law at the time in 2003, which by looking at simply the conviction documents which the government has now submitted alleges impeding and interfering with, those are not crimes of violence because they don't require the type of violent force necessary. Let me ask you this. I know that it's not enough that there was no objection to the PSR regarding to the actual facts of what happened. But I thought the law was that if the PSR describes the court documents, the plea, whatever happened in the court, and that was not objected to, that the district court could rely on that. And isn't that what we have here? Well, what we have here, first of all, the government never made this argument until last week in a letter to the court. But what we have here is the pre-sentence report does not in the body of the report refer to the conviction documents, the plea agreement, or anything like that. The – in response to the objection of the defendant to the report on the eight-level increase for aggravated felony, the probation officer did include some reference to the plea agreement there. But I would submit that's insufficient. Number one, we don't have the plea colloquy, which is necessary in this case. And if you're getting into – that tails into the modified categorical approach where you're – if you're going to look at the conviction documents and determine whether the offense needed to be increased. Are you saying there was no chance to object to this response to the objection? Well, the defense counsel reiterated the objection. The objection was overruled at the time of sentencing. There was never – and as far as I can recall, there really wasn't a discussion about it other than – other than the fact that the prosecutor did refer to the plea agreement that was referred. Okay. He objected at the time of sentencing to the eight-level enhancement. That's correct. Not a specific objection to factual statement in the – in the PSR describing the plea agreement. Except the objection did note that no conviction documents had been filed that would allow one to do a modified categorical approach. The modified – let me just say a couple of things about the modified categorical approach. I've cited the recent case and bank case that the Court has of Young v. Holder. And that's critically relevant to this particular case because the record of the conviction here, the plea agreement that the government has filed belatedly in the appeal, references forcibly assault, impede, or interfere. If the Court can't determine which one of those was the factual basis supported, which is, I submitted the case in this – in this case, because you can't – you can't make a factual basis for forcibly assault because there's no evidence of his intent to injure, just like the Second Circuit case that the government recently cited. No intent to injure means there's insufficient basis for a simple assault conviction. There's no evidence in the factual basis here of intent to injure. So the best that you can do in this case is say that maybe there's a factual basis made for impede or interfere, but again, those are the types of offenses that don't require violent force to commit, and therefore, it's not a crime of violence. And the Young v. Holder, the importance of that case is, this Court said if the crime charged can be committed in several different ways, there's several theories of criminal liability, and you can't determine – and one of – and one or more of those ways is – are not crimes of violence, then the record is inconclusive and you can't make a finding that it was a categorical crime of violence. I'll reserve the remainder of my time for – for – if there are no further questions, I'll reserve the remainder of my time. Thank you. May it please the Court. I'm Dominic Lanz. I represent the United States. This Court should affirm the defendant's sentence, and I want to start by talking about the categorical analysis. Judge Rustani's question was, it's conceded that under Chapman, from 2008 forward, a conviction under 111A1 is a categorical crime of violence, and the defendant's theory here is that Chapman is nevertheless inapplicable because the law was different at the time of his 2003 assault conviction. We respectfully disagree with that, and I want to talk briefly about each of the three Ninth Circuit cases that have come out in the last couple years about 111 to show that that argument that the law under 111 has changed since 2003 is incorrect. The first one, of course, is Chapman. Chapman held point blank that a conviction under 111A requires an assault. The defendant would take Chapman as a case that overruled the – I think it's the most rigorous conduct requirement under 111A. Now, this Court well knows that for a three-judge panel of this Court to overrule prior precedent, it's a pretty big deal. The Court must find intervening precedent from the Supreme Court that has come out that entitles it to overrule a prior three-judge panel opinion. Chapman doesn't come close to doing that. I don't believe Chapman even cites Somerset, let alone purports to overrule it. And so we would submit that that is a strong sign that Chapman wasn't changing the law under 111A. For it to have overruled Somerset by imposing a more rigorous requirement would have required much more analysis than was contained in that opinion. Now, the second opinion is the same. Kennedy. Can I understand Mr. Hartle's argument? He's saying that a guilty plea to 111A is a guilty plea to having assaulted, interfered, or impeded. You can interfere and impede without assaulting, and therefore, we didn't admit to assaulting the officer. How do you handle that? That's inconsistent with what Chapman holds. Chapman holds that even though the statute itself is perhaps imprecisely worded, the way it's been construed is we disregard this talk about impeding and interfering because there has to be assault. But Chapman occurred at the time after the guilty plea in this case. So that wasn't a law. What was the law from your position at the time of this plea? My position is that was always the law in the Ninth Circuit. This Court had articulated it in that way before, but for Chapman to have changed the law, as opposed to simply clarifying what the law had already always been, Chapman would have had to do a lot more than it did. And I wanted to talk. Well, I think the argument is that it wasn't clear. So he gets the benefit of the doubt. Is that the law? I haven't seen any law one way or another about the retroactive effect of judicial decisions on the categorical analysis. It does see, I will concede in candor, it seems like a sensible rule. If you had a case that the law clearly in 2003 was one way and then it changed subsequently, I do think it would be. You don't think that's the situation? That's not the situation. And I want to talk. I just wanted to ask you. You work for the Department of Justice. Yes. Are you familiar with what this interpretation is in other circuits? Yeah. In preparation for this case, I found several cases that weren't cited by either party, and I would be happy to file a supplemental brief if the Court would prefer  to do so. But I don't think that's what we're talking about. I think we're talking about what you do when the law is very well clarified after the plea. Right. I think, because the question is, do you have any law on that?   what we're talking about. I really do think categorical is the way to go in this case. If we move to the modified. Your point is that we couldn't have changed the law. Correct. So he took his chances. Correct. And the juvenile female case, I think, is important. If the Court looks in the dates in that case, juvenile female also considered whether 111, albeit 111B, was a crime of violence. In that case, the conduct in juvenile female occurred in 2007, but the case wasn't cited by this Court until 2009. And B involves the use of a weapon, right? Correct. But in analyzing whether 111B was a categorical crime of violence, this Court relied heavily on the Chapman decision that came out in 2008. And I would submit to you that if Chapman had changed the law and tightened up what it meant under 111A, it would have created difficult due process and retroactivity concerns in that case, because juvenile female was also applying Chapman to pre-Chapman conduct, and it had no problem doing so. But I thought juvenile female, you told me, was a 2007 case and Chapman was a 2008 case. I'm sorry if I was unclear. Chapman was a 2009 decision that was construing an underlying crime that occurred in 2007. So for this Court to have applied Chapman to a 2007 conduct, if the law had changed in Chapman, that would have been improper, because it would have been applying a retroactive change in the law. The fact that it had no trouble doing so suggests that Chapman wasn't a change in the law. All right. So if I do I understand you to be saying that you don't know of any case holding that we need to go back to the status of the law at the time that the crime occurred in order to decide whether or not the law was clear that this was a categorical crime of violence? Correct. And that that is the position that we would have to take if we were to find for your adversary? Correct. But I won't There's no case that says that. I'm not aware of any, and there haven't been any cited in the briefs. I want to transition quickly to the modified categorical, because I think that may give the Court a narrower basis on which to affirm here. The defendant is correct that in the first page, when it's reciting the elements of the charge in his plea agreement from the underlying case, it said assaults, impedes, or interferes. But in the factual basis, it says, point blank, I forcibly assaulted the officer. It doesn't go into this impedes or interferes language. You're looking at something that was not before the district court. Correct. And we submit that under the Gonzales-Aparicio case, it is appropriate for this Court to consider the PSR addendum's summary of the plea agreement from the case. And common sense explains why it was correct for the district court to think it was okay to rely on the PSR addendum. The chronology here is PSR comes out, it says the 8-level enhancement applies. The defendant files a written objection where he concedes that he was convicted under 111A, but he says it's categorically overbroad, and he says, and by the way, we don't know what my client admitted to in the factual basis of his underlying plea agreement. The PSR addendum then comes out about a week later and says, here's exactly what he admitted to in the factual basis of that underlying plea agreement. He admitted that he forcibly assaulted the agent, and he didn't just passively resist, but he elbowed an agent, he shoved an agent, and he took the sort of affirmative assaultive conduct that wasn't present in these other cases. And I think it's critical then, when we get to sentencing, it's on pages 9 and 10 of the excerpts of record. The district court judge said, well, I'm inclined to, you know, here's why I intend to go with the sentencing. Would you like to withdraw your plea of guilty? No, I wouldn't. And then he said, have you reviewed the PSR? Yes, I have. Do you have anything else you would like to add? And he said, no. I think under these circumstances, it's fair to think, from the district court's perspective, there was a question about what was in the underlying plea agreement. Then the PSR said, here's exactly what's in there. And the district court gave the defense counsel a chance to say no, there was no objection to that explanation. No, there wasn't. It came out and the defense attorney was given a chance to say, this isn't enough. I want the underlying documents. And he didn't say anything. And under Gonzales-Aparicio ---- I have a problem with that. Is the plea agreement addendum a document of conviction under Shepard? Excuse me, PSR addendum. PSR, pardon me. The PSR addendum in this case was referencing the actual plea agreement, not a plea agreement addendum. It was the actual plea agreement from the underlying case. And plea agreements are judicially noticeable documents. It was the addendum to the pre-sentence report that was added after there was an objection that we don't know what the ---- Correct. That's what happened. And so I think that that's the narrowest ground to affirm here. This Court doesn't need to go into this thicket about retroactive effect of categorical analysis. Your view of Gonzales-Aparicio is it clearly holds, according to you, that it wasn't a plain error for the district court to rely on the PSR's narrative that was based on court records that are acceptable under Shepard. Correct. Okay. I ---- Gonzales-Aparicio is different in that Gonzales-Aparicio, there was not an objection to the enhancement at all. In this case, there was an objection, but then the PSR addendum came out and all the parties were said, do you still ---- do you have any problem with this? Do you still want them to admit the documents? And nobody said anything. So it's not on all fours, but it's not materially different in terms of looking at what was reasonable from the district court's perspective. I have only a few moments left to the extent that the final argument in the defendant's brief is that his sentence was substantively unreasonable. He relies on this bad marriage case. We filed this 28-J letter. The only question is whether 42 months was reasonable, not whether the upward departure under 4A1.3 was warranted. Here, the defendant, his criminal history is sorted. He has prior convictions for assaulting his wife by hitting her in the head with a bar stool, by breaking into her home and leaving it covered with blood, and he has several prior immigration convictions, including a prior 1326 for which he received a sentence of 30 months, obviously was undeterred because he came back to the country only a few months after he was deported. So it was certainly reasonable for the district court to think slightly stronger medicine in the form of a 42-month sentence was warranted this time around. If there are no further questions, thank you. Let me go back to this point about the statute. 18 U.S.C. Section 111 was amended several times by Congress. That's why the statute had never been construed by this Court to determine whether the language for a misdemeanor, a simple assault, is necessary. That had never been construed. The cases in this Court are, I mean, there are numerous cases that say Harrison, Somerset, that the defendant may be convicted of violating that section if he uses any force whatsoever for the Federal offense. So there were numerous cases that said violent force such as is necessary for a crime of violence is not necessary for a 111a violation. And it was that they didn't say that. Pardon me? They didn't say that, did they, that you don't need violent force? Absolutely. United States v. Harrison, United States v. Somerset is the one where the defendant brushed an assistant U.S. attorney during a trial, and that was sufficient. And was the statute the same at that time that it had this impeding language and then it had the next paragraph that described the penalty for just simple assault? No. That's what came later. Okay. That's what came later. That's why those cases are different, because the statute wasn't set up in that strange way. Right. But the Court was still construing that impeding interfering language to determine whether that can be a violation. But what Chapman doesn't do is construe that language. It says, okay, now that you have this paragraph that says you need at least simple assault. Right. And other circuits have said differently, that you can have misdemeanor violations for impeding, interfering, intimidating, et cetera, without an actual assault. I would submit that the Court should just look at page 13 of the supplemental excerpts where the plea agreement is included, which said the defendant did forcibly assault, impede, and interfere. If the statute was construed the way the government claims, there would be absolutely no necessity of including the language impede and interfere. And when that was included, that's clearly a sign that what the Court was looking at was not that it had to find a simple assault in order to convict this guy of misdemeanor, that the Court could accept a factual basis that impeding and interfering was sufficient.  But the best that could be said is impeding and interfering because he was resisting arrest. All right. Thank you very much. The case of the United States v. Arrietas Mazariegos is marked submitted. We thank counsel for their testimony.
judges: Restani, Schroeder, Bea